## Portuondo's Estate.

*Practice, O. C. — Power of attorney to collect judgment — Revocation — Lapse of time—Presumption of constituent's death.*

The Orphans' Court will not permit the collection of a judgment against administrators as garnishees under a power of attorney executed by a non-resident who has not been heard from for seven years, as a question may arise whether the power has not been revoked by the constituent's death. In such case, the amount due on the judgment will be directed to be paid into court with leave to the attorney to make application to take out of the money so deposited his reasonable charges and expenses incurred in the proceedings.

Petition and answer. O. C. Phila. Co., April T., 1921, No. 251.

*B. F. Owens*, for petitioner; *Henry A. Hoefler*, contra.

THOMPSON, J., April 28, 1922.—This case was heard on petition and answer, and from the same and the record it appears that John Latham obtained a judgment against Charles W. Mayer in Common Pleas No. 1, December Term, 1906, No. 3929, for the sum of $2035.92, on March 18, 1907; that the said Mayer is entitled to a distributive share in the estate of Margaret Portuondo, deceased, in an amount largely in excess of said judgment, interest and costs; that the said John Latham issued an attachment execution on his judgment, summoning Francis A. Dugro and Francis R. Mayer, administrators *c. t. a.* under the will of Margaret Portuondo, deceased, in which proceeding a judgment was entered against said administrators as garnishees on March 7, 1922, for $2035.92, with interest from March 18, 1907, and costs. The present petition is for an order on said administrators *c. t. a.* to pay the amount of the judgment entered against them as garnishees to Bernard F. Owens, Esq., of this bar, who alleges that he has a power of attorney from the said John Latham authorizing him to collect said judgment, and the answer of respondents, *inter alia*, raises the question as to whether said power of attorney is at present in force, for reasons therein stated. Upon the argument, it appeared that the power of attorney was given in 1907, and that Mr. Owens has not heard from his client since 1915, at which time the latter was in London, he being an Englishman by birth.

1 D. & C.

Portuondo's Estate.

In view of the lapse of time since Latham was last heard from, a question may arise as to whether the power of attorney given by him to Mr. Owens is not revoked by Latham's possible death, and we are, therefore, of opinion that the amount due on said judgment should be paid into this court, and it is so ordered.

Leave is, however, given to Mr. Owens to make application to this court to take out of said moneys so deposited his reasonable charges and expenses rendered in said proceedings as provided for in the power of attorney.